IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**HERBERT JONES,** *et al.*

  Plaintiffs

    v.                               CIVIL No. 13-cv-0535-JKB

**HOFFBERGER MOVING SERVICES LLC,** *et al.*

  Defendants

## MEMORANDUM

This lawsuit was filed on February 19, 2013 by Plaintiffs Herbert Jones and Joseph Jones against Defendant Hoffberger Moving Services LLC ("HMS") (1) as a putative collective action for failing to pay wages due under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 206, *et seq*., and (2) as a putative class action for violations of the Maryland Wage Payment and Collection Act ("MWPCA") and the Maryland Wage and Hour Law ("MWHL"). (Compl., ECF No. 1.) Plaintiffs twice amended the complaint (First Am. Compl., ECF No. 18; Sec. Am. Compl., ECF No. 47.) In the first amended complaint, Plaintiffs added Rodney McFadden and Raymond Green as plaintiffs and removed the count alleging violations of the MWCPA. (First Am. Comp.) In the second amended complaint, Plaintiffs added Margaret A. Hoffberger and Michael S. Hoffberger (collectively, with HMS, "Defendants") as defendants and also added back in a count for alleged violations of the MWPCA. In the second amended complaint, Plaintiffs also ceased bringing their state law claims as a putative class action. (Sec. Am. Compl.) Thus, presently before the Court is a three-count complaint, in which Plaintiffs seek to

bring their claims under the FLSA (Count III) as a collective action pursuant to 29 U.S.C. § 216(b). (*Id.*)

On July 23, 2013, this Court allowed this case to proceed as a collective action under §216(b). (ECF No. 26.) On July 30, 2013, it granted Plaintiffs' unopposed request to extend the deadline for sending opt-in notices to putative collective action members until August 8, 2013. (ECF. No. 29). On August 27, 2013, the Court granted Plaintiffs' unopposed request to extend the deadline to either accept or reject Defendants' offer of judgment until September 11, 2013. (ECF No. 59.) As of November 6, 2013, thirty-nine plaintiffs—including Plaintiffs Jones, Jones, McFadden, and Green—have opted-in to the collective action.

Now pending before the Court is Plaintiffs' motion for extension of time and other relief. (ECF No. 67.) The issues have been briefed and no hearing is required. Local Rule 105.6. For the reasons set forth below, the motion will be GRANTED IN PART and DENIED IN PART.

**I.　BACKGROUND**

Plaintiffs' motion arises out of a July 17, 2013 communication sent by Defendants to putative collective action members who, at the time, were current employees of HMS. (ECF No. 67 ¶ 10; ECF No. 77 at 3-4.) On that date Curtis Stanton, an HMS dispatcher responsible for distributing work assignments to HMS employees, handed out affidavits to HMS employees.[1] (ECF No. 81-5 at 46, 77; ECF No. 67-3.) These affidavits were accompanied by a cover letter on HMS letterhead. In relevant part, this cover letter reads:

> Attached hereto is an Affidavit relating to the litigation filed against the Company in the United States District Court about wages you have been paid or may be entitled to. You should read this document carefully and sign it only if it is true and correct.

---

[1] Although Plaintiffs' reply brief suggests "affidavits were drafted for all current HMS employees, including some named plaintiffs," there is no allegation that anyone who was a party to the lawsuit as of July 17 received an affidavit from Mr. Stanton. (ECF No. 81 at 6.)

2

> You are NOT under any obligation to sign this affidavit and you may refuse to do so for any reason. Your employment with the Company WILL NOT be affected in any way if you choose not to sign. YOU WILL NOT BE TERMINATED IF YOU DO NOT WANT TO SIGN THE AFFIDAVIT.
>
> You may consult your own lawyer about whether you should sign [sic] this Affidavit before signing it.

(ECF No. 67-3.) The affidavits themselves read, in relevant part:

> 4.     I understand that I am not required to use transportation supplied by the Company to any job site.
> 5.     On those occasions when I have used Company supplied transportation to any job site I have not been required to nor did I perform any work on behalf of the Company during the time I was travelling to the job site.
> 6.     If I was asked to perform any work for the Company at the Warehouse I was paid for the time spent performing such tasks.
> 7.     If I was asked to drive a Company vehicle to or from any job site I was paid for all such time.

(*Id.*)

After distributing the affidavits, Mr. Stanton read the affidavits to those employees who did not know how to read and answered some of the employees' questions. (ECF No. 81-5 at 49.) Approximately thirty-five (ECF No. 81 at 6) to forty (ECF No. 77 at 4) employees signed the affidavit. Of these, three have opted into the collective action. (*Id.*)

## II. LEGAL STANDARD

Once a court has granted conditional certification for a case to proceed as a collective action and collective action members have filed their consent-to-join forms, "(1) plaintiffs' counsel may communicate freely with those members and (2) defense counsel may not communicate with such individuals about the substance of the collective action." 2 Ellen C. Kears, The Fair Labor Standards Act (2d ed. 2010) 19-103 (collecting cases). However, the standards governing communications with putative collective action members prior to conditional certification are less clear.

3

As a general matter, district courts enjoy broad discretion to limit communications between parties and putative collective action members in order to avoid the potential for abuse. *See Gulf Oil Co. v. Bernard*, 452 U.S. 89, 100 (1981); *Kleiner v. First Nat'l Bank of Atlanta*, 751 F.2d 1193, 1202 (11th Cir. 1985) ("Unsupervised, unilateral communications with the plaintiff class sabotage the goal of informed consent by urging exclusion on the basis of a one-sided presentation of the facts without opportunity for rebuttal."); *Slavinski v. Columbia Ass'n, Inc.*, CCB-08-890, 2011 WL 1310256 (D. Md. Mar. 30, 2011). As this Court held in *Law Offices of Leonard I. Desser, P.C. v. Shamrock Communications Inc.*, No. JKB-12-2600, 2013 WL 2552141 (June 10, 2013), a court's duty is to ensure that "communications with [potential members of the plaintiff class] are neutral, balanced, and complete." *Id.* at *3.

However, this discretion, though broad, is not limitless. *Gulf Oil*, 452 U.S. at 100. Indeed, "[u]ntil they 'opt-in,' prospective . . . plaintiffs are not yet parties to the action, they have no attorney, and no attorney-client relation is yet in issue." *Parks v. Eastwood Ins. Sevs.*, 235 F. Supp. 2d 1082, 1083 (C.D. Cal. 2002). In particular, where, as here, a communication occurs before a court has granted conditional certification, such a communication is not inappropriate because employers may "communicate with unrepresented prospective class members about the lawsuit and even . . . solicit affidavits from them concerning the subject matter of the suit." *Longcrier v. HL-A Co., Inc.,* 595 F.Supp.2d 1218,1226; *Slavinski*, 2011 WL 1310256 at *3.

Therefore, a plaintiff who moves for the court to limit communications between a defendant and putative members of the collective action must show "(1) that a particular form of communication occurred . . . and (2) that the particular form of communication at issue is abusive in that it threatens the proper functioning of the litigation." *Longcrier*, 595 F. Supp. 2d at

1226-27 (internal quotation marks omitted) (quoting *Cox Nuclear Medicine v. Gold Cup Coffee Servs., Inc.*, 214 F.R.D. 696, 697-98 (S.D. Ala. 2003)).

While the inquiry into whether a particular form of communication is abusive is fact-specific, examples in the case law provide this Court with guidance. Most notably, the inherently coercive nature of the employer-employee relationship, by itself, is insufficient to demonstrate that a communication was improper. *Compare Slavinski*, 2011 WL 1310256 at *4 (holding that an employer's contacts with its employees was not abusive where employer did not misrepresent facts about or discourage participation in the lawsuit); *Kerce v. West Telemarketing Corp.*, 575 F.Supp.2d 1354, 1366-67 (S.D. Ga. 2008) (declining to strike declarations collected by an employer from 16 employees during the pre-certification stage because there was "no evidence that [the employer] misrepresented facts about the lawsuit, discouraged participation in the suit, or undermined the class' confidence in, or cooperation with, class counsel"); *with Longcrier*, 595 F.Supp. at 1227-28 (finding communications between employer and prospective class members abusive where employer conducted a survey without disclosing to employees the existence of a class action or that the declarations might strip them of the right to join the lawsuit); *O'Brien v. Encotech Constr. Servs., Inc.*, 203 F.R.D. 346, 348 (N.D. Ill. 2001) (finding communications between employer and prospective class members abusive where employer obtained releases from employees in exchange for money).

In *Desser*, this Court struck affidavits obtained by a defendant from potential members of a plaintiff class after the Court was unable to determine that the affidavits were obtained after neutral and balanced communications. *Desser*, 2011 WL 1310256 at *4. In particular, the Court relied on the fact that the defendant could not show that it had:

> [P]rovided each person contacted with a copy of the complaint, explained all of the allegations of misconduct under the federal Telephone Consumer Protection

> Act . . . , explained to the customers [,i.e. potential members of the plaintiff class,] that their provision of affidavits was completely voluntary and would not affect their business relationship with Defendant, told them that they could consult a lawyer of their choosing, provided them with name and contact information for Plaintiff's counsel, or explained to them that providing Defendant with an affidavit could affect their ability to participate in the lawsuit or to receive monetary compensation from Defendant.

*Id. See also Keystone Tobacco Co. v. United States Tobacco*, 238 F. Supp. 2d 151, 153 (D.D.C. 2002) (noting that provision of copy of complaint to putative class members necessarily provided them with contact information for plaintiffs' counsel). *But see Longcrier*, 595 F. Supp. 2d at 1231 (holding that it was not necessary for defendant to identify plaintiffs' counsel or provide contact information to potential class members).

### III. ANALYSIS

The July 17 communication between Defendants and members of the putative collective action at issue in this case is not the ideal of a "neutral, balanced, and complete" communication. Indeed, it failed to provide each person contacted with (1) a copy of the complaint, (2) an explanation of all the allegations of misconduct under the FLSA, and (3) the name and contact information for Plaintiffs' counsel. (ECF No. 67-3.)

However, it did include some important information. It noted that the attached affidavit related to "litigation filed against the Company in the United States District Court about wages you have been paid or may be entitled to." Further, it explained to recipients that their provision of affidavits was completely voluntary and would not affect their employment relationship with Defendants. (*Id.*) Finally, the communication advised putative collective action members that they could consult an attorney. (*Id.*)

The inclusion of this information distinguishes the communication in the present case from the circumstances in *Desser* where the Court was uncertain as to the content of the

communication. The Court finds that the deficiencies at issue here are insufficient to threaten "the proper functioning of the litigation." As a result, the Court finds no basis to either strike the affidavits or to limit communications between parties and putative collective action members. The Court further finds that Plaintiffs have not shown that Defendants acted in bad faith. The Court takes note of Plaintiffs' undisputed allegation that HMS drafted affidavits for Mr. Joseph Jones and Mr. Raymond Green who were already named plaintiffs in this case on July 17. (ECF No. 61 at 16-17.) However, as Plaintiffs concede, these affidavits were never delivered to Mr. Jones and Mr. Green and, therefore, do not constitute an impermissible communication with a represented party. (*Id.* at 17.)

That said, the July 17 communication was also not the ideal of a "neutral, balanced, and complete" communication and therefore may have caused some confusion among certain putative collective action members. As a result, the Court will allow Plaintiffs five business days from the date of the accompanying order to send to all current HMS employees who are putative collective action members an additional notice of collective action and a letter explaining their rights as they relate to the collective action. In addition, the Court will extend the collective action opt-in period for an additional twenty-one days from the date of the accompanying order.

The Court cannot, however, extend the deadline for Plaintiffs to accept Defendants' offer of judgment. The offer of judgment therefore stands unmodified as to the twenty-five individuals named in Exhibit A of the stipulated and agreed partial judgment (ECF No. 67-2). That offer expired on September 11, 2013, as mutually agreed by the parties. (ECF No. 54.). Further, the Court also notes that the additional offer made in Defendants' submission, styled "response to motion for extension of time and other relief and memorandum of law," (ECF No. 77 at 5) is a legal nullity. Indeed, that offer was conditional on the court denying Plaintiffs'

request to extend the collective action opt-in deadline. Given that the Court is ordering such an extension, that offer is void.[2]

Finally, the Court advises both parties to take all necessary steps and precautions to ensure that all future communications with members of the putative collective action are "neutral, balanced, and complete." Should either party fail to meet this standard, the Court will take appropriate measures.

## IV.     CONCLUSION

Accordingly, an order shall issue GRANTING IN PART and DENYING IN PART Plaintiffs' motion for extension of time and other relief (ECF No. 67).

Dated this <u>8th</u> day of November, 2013.

BY THE COURT:

<u>           /s/                              </u>
James K. Bredar
United States District Judge

---

[2] Defendants are free to make other offers of judgment, pursuant to Rule 68. Fed. R. Civ. P. 68. Any such offers could include any member of the putative collective action, including those listed in Exhibit A of the stipulated and agreed partial judgment. (ECF No. 67-2.)