FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2014 FEB 24 P 4: 14

CLERK'S OFFICE
AT BALTIMORE

BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**HERBERT JONES, et al.**

Plaintiffs

v.

**HOFFBERGER MOVING SERVICES LLC, et al.**

Defendants

CIVIL No. 13-cv-0535-JKB

* * * * * * * * * * * *

## MEMORANDUM AND ORDER

### I. BACKGROUND

This action was brought by Plaintiffs Herbert Jones, Joseph Jones, Rodney McFadden, and Raymond Green (collectively "Named Plaintiffs") against Hoffberger Moving Services LLC ("HMS"), Margaret A. Hoffberger, and Michael S. Hoffberger (collectively with HMS, "Defendants") (1) as a putative collective action for failing to pay wages due under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206, *et seq.*, on behalf of the Named Plaintiffs and similarly situate employees of the Defendant; and (2) as an action on behalf of the Named Plaintiffs only for violations of the Maryland Wage Payment and Collection Act ("MWPCA") and the Maryland Wage and Hour Law ("MWHL"). (Sec. Am. Compl., ECF No. 47.)

On July 23, 2013, this Court allowed this case to proceed as a collective action pursuant to 29 U.S.C. § 216(b). To date the Court has received notice of thirty-nine additional plaintiffs who have opted into the collective action ("Opt-In Plaintiffs" and, collectively with Named

Plaintiffs, "Plaintiffs").[1] Now pending before the Court are (1) Plaintiffs' motion for a protective order limiting discovery to a representative sample of the Opt-In Plaintiffs (ECF No. 94); and (2) Defendant HMS's motion for leave to file a surreply (ECF No. 106). The issues have been briefed and no hearing is required. Local Rule 105.6. For the reasons set forth below, Plaintiffs' motion for a protective order limiting discovery to a representative sample of the Opt-In Plaintiffs (ECF No. 94) will be GRANTED IN PART and DENIED IN PART and Defendant HMS's motion for leave to file a surreply (ECF No. 106) will be DENIED.

## II. ANALYSIS

The ultimate issue in this case is whether or not Defendants violated the FLSA by failing to compensate Plaintiffs for hours worked in excess of forty per week.[2] (Sec. Am. Compl. at ¶¶ 45, 89, 90.) Broadly, Plaintiffs have alleged that in calculating weekly work hours, Defendants failed to include time spent by Plaintiffs traveling from Defendants' warehouse to job sites and back to the warehouse on Defendants' vehicles, as well as time spent waiting for Defendants' vehicles at the warehouse. (*Id.* at ¶ 45.) Defendants' position is that "no work was performed by any of the laborers during transportation or while waiting for a van, a position which would defeat their claim for wages." (ECF No. 98-1 at 5.)

The more immediate issue pending before the Court is whether Defendants should be allowed to seek written discovery from each Opt-In Plaintiff or whether such discovery should be limited to a representative sample of Opt-In Plaintiffs.

Federal courts are divided when it comes to individualized discovery in opt-in classes. For example, in *McGrath v. City of Philadelphia*, the court found that plaintiffs were "not

---

[1] The Court notes that the parties appear to be in agreement that there are in fact fifty-six Opt-In Plaintiffs. (ECF No. 98-1 at 3; ECF No. 105 at 1.) However, upon examination of the docketed opt-in notices, the Court aware of only thirty-nine Opt-In Plaintiffs, in addition to the four Named Plaintiffs.

[2] The Court focuses here on the FLSA claim (Count III), which is the only one relevant to the present motions. (Sec. Am. Compl.)

2

entitled to individualized discovery as to the liability issues" in an FLSA collective action. 1994 U.S. Dist LEXIS 1495 at *7 (E.D. Pa. 1994). Reasoning by analogy to traditional class actions pursuant to Rule 23 of the Federal Rules of Civil Procedure, the court found that "[t]o allow such discovery would only serve to obfuscate the issues and drastically enhance the costs of litigation." *Id.* at *8. On the other hand, in *Coldiron v. Pizza Hut, Inc.*, the court found that where the question of whether plaintiffs are similarly situated is still an issue because the defendant intends to move to decertify the class, "individualized discovery [] is both necessary and appropriate." 2004 U.S. Dist. LEXIS 23610 at *6. *See generally id.* at *4-*5 (collecting cases); *The Fair Labor Standards Act* 19-117 to 19-123 (Ellen C. Kearns, ed., 2d ed. 2010) (collecting cases).

Here, Defendants assert that they require individualized discovery in order to challenge the basis of liability for each defendant, as well as to establish that Opt-In Plaintiffs are not "similarly situated." 29 U.S.C. § 216. In support of this position, Defendants have identified three categories of Opt-In Plaintiffs. First, "[s]ome of the [O]pt-[I]n Plaintiffs are drivers whose activities are exempt from FLSA requirements for overtime." (ECF No. 98-1 at 5.) Second, other Opt-In Plaintiffs "did perform work in the warehouse for which they were . . . compensated." (*Id.* at 6.) Third, other Opt-In Plaintiffs never performed any work for Defendants while waiting for transportation to and from job sites and therefore, Defendants argue, are not entitled to compensation for their waiting time. (*Id.* at 5.) Among Opt-In Plaintiffs in this third category, Plaintiffs allege that some have "signed affidavits in which they state that they were not required to use Company transportation and did not perform any work while traveling to the job sites." (*Id.* at 6.)

The Court recognizes that in order to adequately prepare their case, Defendants must be permitted to take written discovery from Opt-in Plaintiffs in each of these three categories. However, the Court is not convinced that individualized discovery from *each* Opt-In Plaintiff is necessary to achieve that goal.

As Defendants themselves articulate, the difference between Plaintiffs' theory of the case and their own is not one that is particularized for each plaintiff. Indeed, as Defendants state, "[t]he basic theory of the Plaintiffs' case is that they were required to report to the Warehouse owned by HMS and to use Company supplied transportation to get to various job sites." (*Id.* at 4.) Defendants two-fold response is (1) that "HMS denies any such requirement" and (2) that "no work was performed by any of the laborers during transportation or while waiting for a van" and therefore that no compensation is due that time. (ECF No. 98-1 at 5)

Where, as here, the factual dispute between the parties focuses on an employer's policies and practices, limiting discovery to a representative sample of Opt-In Plaintiffs is particularly appropriate. Further, in the FLSA context, the Court notes that one of the primary objectives of allowing collective action under § 216(b) is to "lower costs to the plaintiffs through the pooling of resources." *Dorsey v. TGT Consulting, LLC*, 88 F. Supp. 2d 670, 689 (D. Md. 2012).
The Court therefore feels that it is appropriate to limit written discovery to a representative class of Opt-In Plaintiffs where, as here, this can be done without prejudicing defendants' ability to prepare a defense to plaintiffs' claims.

With regard to Defendant HMS's motion for leave to file a surreply (ECF No. 106), the Court notes that surreplies "may be permitted when the moving party would be unable to contest matters presented to the court for the first time in the opposing party's reply." *Khoury v. Meserve*, 268 F.Supp.2d 600, 605 (D. Md. 2003). Here, Defendants allege that in their reply

4

memorandum, Plaintiffs have made "numerous misstatements of fact and misleading inferences from deposition testimony." (ECF No. 106.) However, these statements regard Defendants' time travel policy, which is hardly a new matter. Further, in the context of this discovery motion, further briefing about Defendants' time travel policy will not aid the Court in the resolution of the matter at hand.

**CONCLUSION**

The Court therefore GRANTS IN PART Plaintiffs' motion for a protective order (ECF 94) to the extent that the scope of written discovery of Opt-In Plaintiffs is limited to fifteen Opt-In Plaintiffs, in addition to the six Opt-In Plaintiffs from whom Defendants have already received responses and in addition to the four Named Plaintiffs. Defendants may choose the fifteen Opt-In Plaintiffs from whom they seek written discovery.[3] To the extent that Plaintiffs find that Defendants' choice of fifteen Opt-In Plaintiffs is prejudicial, they may elect to have all Opt-In Plaintiffs answer the written discovery request. Further, each side shall be afforded twenty-five hours of deposition time for fact witnesses. The Court DENIES IN PART Plaintiffs' motion for a protective order (ECF No. 94) in all other respects.

In addition, the Court DENIES Defendants' motion for leave to file a surreply. (ECF No. 106.)

---

[3] If, after receiving responses from the fifteen Opt-In Plaintiffs, Defendants have a well-considered argument for requesting written discovery from additional Opt-In Plaintiffs, they may request a modification to this protective order from the Court at that time.

5

Dated this 24 day of February, 2014.

BY THE COURT:

*James K. Bredar*
James K. Bredar
United States District Judge