FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2014 MAR 28 P 5:28

CLERK'S OFFICE
AT BALTIMORE

BY_____ _____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

HERBERT JONES, *et al.*

Plaintiffs

v.                                   CIVIL No. 13-cv-0535-JKB

HOFFBERGER MOVING
SERVICES LLC, *et al.*

Defendants

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Today, the Court held a telephone conference with the parties to discuss Plaintiffs' motion for a protective order (ECF No. 110), Plaintiffs' motion to bifurcate the issues of liability and damages (ECF No. 113), and other pending matters in the present case. Further, the Court has considered the parties' written submissions with regard to these matters. For the reasons set forth during the telephone conference it is ORDERED that:

1) Plaintiffs' motion for a protective order (ECF No. 110) is GRANTED IN PART and DENIED IN PART, in that Defendants will be limited to taking a maximum of nineteen depositions, specifically, the depositions of fifteen Opt-In Plaintiffs and the depositions of the four Named Plaintiffs. In its February 24 memorandum and order (ECF No. 108), this Court limited the scope of written discovery to fifteen Opt-in Plaintiffs.[1] As the Court advised counsel for the Defendants' during the telephone conference, Defendants may not seek discovery, in the form of depositions or written discovery, from more than

---

[1] These fifteen Opt-In Plaintiffs were in addition to the six Opt-In Plaintiffs from whom Defendants had already received responses. (ECF No. 108 at 5.)

fifteen Opt-In Plaintiffs.[2] Further, absent consent from counsel for Plaintiffs, Defendants may not take depositions from (1) more than five persons per day, or (2) more than eight persons per calendar week. The Court also reminds the parties that, as set forth in the Court's February 24 memorandum and order (ECF No. 108), each side is afforded a total of twenty-five hours of deposition time for fact witnesses;

2) Upon consent of the parties, Plaintiffs' motion to bifurcate (ECF No. 113) is GRANTED. The issues of liability and damages are bifurcated for purposes of discovery and trial. Fed. R. Civ. P. 42(b). However, notwithstanding this bifurcation of the issues of liability and damages, the parties, if they so choose, may use the 25 hours of deposition time they have been allocated at this stage to inquire into both the issues of liability and damages;

3) The parties have indicated that they believe it would be productive to have a settlement conference soon after they have completed their depositions. They are therefore instructed to meet and confer and prepare a joint letter to Magistrate Judge Day requesting that a settlement conference be scheduled at a time soon after the depositions are scheduled to be concluded;

4) On or before April 5, 2014, counsel for the Plaintiffs shall submit to the Court a list of the names of each Opt-In Plaintiff in this case. This list shall also indicate the CM-ECF docket number for each Opt-In Plaintiff's notice of opt-in.

---

[2] This excludes the six Opt-In Plaintiffs from whom Defendants had received responses to written discovery requests prior to the Court's February 24 memorandum and order. (ECF No. 108 at 5.) However, if Defendants decide to depose any of these six Opt-In Plaintiffs, that deposition will count against Defendants' total of fifteen Opt-In-Plaintiff depositions. To be clear, Defendants are limited to taking a maximum of fifteen depositions from Opt-In Plaintiffs.

Dated this 28 day of March, 2014.

BY THE COURT:

*/s/ James K. Bredar*

James K. Bredar
United States District Judge