# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| **HERBERT JONES,** *et al.* | * | |
| **Plaintiffs** | * | |
| **v.** | * | **CIVIL No. 13-cv-0535-JKB** |
| **HOFFBERGER MOVING SERVICES LLC,** *et al.* | * | |
| | * | |
| **Defendants** | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## <u>MEMORANDUM AND ORDER</u>

The parties in the present case have filed a proposed "Stipulated and Agreed Partial Judgment" (ECF No. 109) and asked the Court to approve it. This proposed "Stipulated and Agreed Partial Judgment" applies "only to a claim for a penalty payment for overtime not timely paid to the Defendant's employees for the years 2010 through 2012." (ECF No. 109-2; *see also* ECF No. 47, Second Amended Complaint, at ¶ 42.)

Under the FLSA, "there is a judicial prohibition against the unsupervised waiver or settlement of claims." *Leigh v. Bottling Group, LLC*, Civil No. DKC-10-0218, 2012 WL 460468 at *4 (D. Md. Feb. 10, 2012) (quoting *Taylor v. Progress Energy, Inc.*, 493 F.3d 454, 460 (4th Cir. 2007)). However, "[c]laims for FLSA violations can . . . be settled when the settlement is supervised by the [Department of Labor] or a court." *Id.* (quoting *Taylor v. Progress Energy, Inc.*, 415 F.3d 364, 374 (4th Cir. 2005)). Where a court approves an FLSA settlement, it must ensure that the settlement "reflect[s] a reasonable compromise over issues." *Lopez v. NTI, LLC*,

784 F. Supp. 2d 471, 478 (D. Md. 2010) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).

Here, the Court finds that the proposed "Stipulated and Agreed Partial Judgment" represents such a "reasonable compromise." At the outset, the Court takes note of the fact that both parties are represented by counsel. Further, the liquidated damages listed in exhibit A (ECF No. 109-1) appear reasonable in light of the Court's general understanding of the case.[1]

Therefore, it is ORDERED that upon the agreement and stipulation of the parties, Defendant Hoffberger Moving Services LLC shall pay to each of the employees listed on Exhibit A (ECF No. 109-1) the sums indicated thereon as liquidated damages for overtime wages previously paid to said employees in an untimely manner. All such payments shall be made within thirty (30) days from the date of this Order. Further, these payments shall represent liquidated damages pursuant to 29 U.S.C. § 216(b) and are in full satisfaction of Defendant Hoffberger Moving Services LLC's obligations thereunder as to overtime wages previously paid. All other claims by the Plaintiffs are specifically reserved for future determination.

Dated this <u>23rd</u> day of April, 2014.

BY THE COURT:

_____/s/_____

James K. Bredar
United States District Judge

---

[1] The Court understands that the present agreement does not specify an amount for attorneys' fees. (ECF No. 109 at ¶ C; ECF No. 109-2.) However, the parties have undertaken to meet and confer in an effort to reach an agreement on this matter.