**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **HERBERT JONES,** *et al.* | * | |
| | * | |
| **Plaintiffs** | * | |
| | * | |
| **v.** | * | **CIVIL NO. JKB-13-535** |
| | * | |
| **HOFFBERGER MOVING** | | |
| **SERVICES LLC,** *et al.* | * | |
| | * | |
| **Defendants** | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM AND ORDER

This action was brought by Plaintiffs Herbert Jones, Joseph Jones, Rodney McFadden, and Raymond Green (collectively "Named Plaintiffs") against Hoffberger Moving Services LLC ("HMS"), Margaret A. Hoffberger, and Michael S. Hoffberger (collectively with HMS, "Defendants") (1) as a putative collective action for failing to pay wages due under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206, *et seq.*, on behalf of the Named Plaintiffs and similarly situated employees of the Defendants; and (2) as an action on behalf of the Named Plaintiffs only for violations of the Maryland Wage Payment and Collection Act ("MWPCA") and the Maryland Wage and Hour Law ("MWHL").  (*See* Second Amend. Compl., ECF No. 47.) Now pending before the Court is Plaintiffs' motion for leave to file a third amended complaint. (ECF No. 130.)  The issues have been briefed (ECF Nos. 130, 131, 135), and no hearing is required, Local Rule 105.6.  For the reasons explained below, Plaintiffs' motion for leave to file a third amended complaint will be DENIED.

## I.      BACKGROUND

HMS is a "commercial moving and storage company," and the Hoffbergers are co-owners of HMS.  (Second Amend. Compl. ¶¶ 8-10.)  Plaintiffs are current and former HMS employees.  (*Id.* ¶ 13.)

Plaintiffs filed a complaint on February 19, 2013 (ECF No. 1), and have since amended the complaint twice with Defendants' consent, (ECF No. 18; Second Amend. Compl).  The amended complaint alleges that Defendants failed to pay wages and overtime owed to Plaintiffs in violation of the FLSA, MWPCA, and MWHL.  According to Plaintiffs, HMS employees were required to arrive at HMS's warehouse each morning.  From the warehouse, Defendants transported employees by van to, and between, moving job sites.  Plaintiffs allege that they were not paid for time spent waiting at the warehouse in between jobs, or for time spent traveling to and from job sites.

The Court issued its original scheduling order in April 2013 (ECF No. 7), and the Court has amended that schedule several times at the joint request of all parties (*see, e.g.*, ECF Nos. 27, 83, 102, 122, 125, 127).  That said, the deadline for amendments to pleadings has never changed; amendments were due on May 17, 2013.  (ECF No. 7 at 2.)  On September 17, 2014—roughly eighteen months after the deadline for amendments to pleadings, two weeks after the close of discovery, and two weeks before the deadline for dispositive motions—Plaintiffs' filed their motion for leave to file a third amended complaint.  (ECF No. 130.)

Plaintiffs' proposed amended complaint adds a new theory of damages, alleging that Defendants failed to pay minimum wage: by adding up all hours that each HMS employee worked including the allegedly unpaid wait and travel time, and by dividing that number by total wages paid to each employee, employees were paid less than minimum wage.  Defendants' filed

a response in opposition to Plaintiffs' motion on September 29, 2014 (ECF No. 132), and Plaintiffs' filed a reply on October 17 (ECF No. 135).

## II.    LEGAL   STANDARD

A motion for leave to amend pleadings filed beyond the deadline set forth in the scheduling order will only be granted if it satisfies both the "good cause" standard of Rule 16(b)(4) and the standard of Rule 15(a)(2) for allowing amendment of pleadings.  Fed. R. Civ. P. 16(b)(4); 15(a)(2); *see also Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298-99 (4th Cir. 2008) (noting tension between Rule 15 and Rule 16; not reaching district court's Rule 15(a) finding of futility because it affirmed district court's Rule 16(b) application of "good cause" standard); *Odyssey Travel Ctr., Inc. v. RO Cruises, Inc.*, 262 F. Supp. 2d 618, 631 (D. Md. 2003) ("[O]nce the scheduling order's deadline for amendment of the pleadings has passed, a moving party must first satisfy the good cause standard of Rule 16(b); if the moving party satisfies Rule 16(b), the movant then must pass the tests for amendment under [Rule] 15(a).").

The analysis under Rule 16(b) is less focused on the substance of the proposed amendment and more concerned with the timeliness of the motion to amend "and the reasons for its tardy submission."  *Rassoull v. Maximus, Inc.*, 209 F.R.D. 372, 373-74 (D. Md. 2002).  A court's scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril."  *Potomac Elec. Power Co. v. Elec. Motor Supply, Inc.*, 190 F.R.D. 372, 375-76 (D. Md. 1999) (internal quotations omitted)).  "Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts. Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."  *Id.* at 375 (internal quotations omitted).

III.     ANALYSIS

Plaintiffs fail to present good cause for modifying the Court's 18-month-old deadline for amendments to pleadings, which was set by scheduling order. (ECF No. 7.) Plaintiffs argue that a tardy amendment to the pleadings is justified because Plaintiffs discovered two pieces of evidence after the scheduling order's deadline had passed: (1) Defendants' documents, received through discovery, which were not fully analyzed until April 2014; and (2) depositions that were completed in August 2014. The Court finds that no proffered evidence sufficiently justifies Plaintiffs' lengthy delay in seeking leave to amend their complaint.

First, Plaintiffs claim that they were unable to analyze Defendants' time sheets, schedule logs, and payroll documents until April 2014. (ECF No. 135 at 9-10.) Before Plaintiffs reviewed Defendants' documents, Plaintiffs could not calculate how much time employees spent waiting and traveling between jobs, how many hours employees typically worked, and how much employees were typically paid per hour. (*Id.* at 10.) Plaintiffs were only able to raise a claim for Defendants' failure to pay minimum wage after April 2014, once Plaintiffs had reviewed Defendants' documents. (*Id.*)

Plaintiffs fail to explain, though, why it took approximately five months for them to then file this contested motion for leave to amend the complaint in September 2014. "[T]he good-cause standard will not be satisfied if the [district] court concludes that the party seeking relief (or that party's attorney) has not acted diligently in compliance with the schedule." *Cook v. Howard*, 484 Fed. Appx. 805, 815 (4th Cir. 2012) (unpublished) (citing 6A Charles Alan Wright, et al., *Federal Practice and Procedure Civ. 3d* § 1522 (3d ed. 2010)). While Plaintiffs may have been diligent in reviewing Defendants' documents, Plaintiffs failed to act diligently when they then waited five months to reassess their claims and seek leave from the Court to amend their

complaint.   Thus, Plaintiffs' assessment of Defendants' documents in April 2014 does not present good cause for Plaintiffs' motion for leave to amend the complaint in September 2014. The time between Plaintiffs' discovery of new evidence and Plaintiffs' motion for leave to amend the complaint is simply too great to permit a conclusion that Plaintiffs were "diligent."

Second, Plaintiffs claim that in August 2014—during two depositions—Plaintiffs became aware that the scope of unpaid wait and travel time may be greater than that alleged in prior complaints.   (ECF No. 135 at 10.)   Plaintiffs now claim that HMS's transportation van would occasionally arrive at job sites before HMS moving trucks; employees would then have to wait at job sites and could not begin work until moving trucks arrived.   Plaintiffs allege that HMS employees were not paid for this wait time, and moreover that this newly discovered unpaid time gives rise to a theory of damages for failure to pay minimum wage.

Plaintiffs fail to show, or even proffer, that this newly discovered unpaid wait time is the proverbial "straw that broke the camel's back" with regard to their minimum wage theory.   That is, there is no proffered calculation to show that *before* including this newly discovered unpaid wait time, HMS employees' hourly pay complied with minimum wage standards.   Similarly, there is no proffered calculation to show that HMS employees' hourly pay sinks below minimum wage only *after* incorporating this newly discovered unpaid wait time.   Plaintiffs fail to carry their burden to show that this new theory of damages was unavailable to them in April 2014, when Plaintiffs finished analyzing Defendants' time logs and pay stubs.   Further, Plaintiffs' depositions in late-August merely *corroborated* testimony from an April 2014 deposition that referred to this same HMS practice, of not paying employees for time waiting at job sites.   (*See id.*)   Plaintiffs fail to explain why they waited to corroborate this evidence with two additional depositions before seeking leave to amend their complaint.

The Court holds that Plaintiffs fail to present good cause for modifying the scheduling order under Fed. R. Civ. P. 16.

## IV.      CONCLUSION

Accordingly, Plaintiffs' motion for leave to file a third amended complaint (ECF No. 130) is DENIED.

DATED this 3rd day of December, 2014.

BY THE COURT:

_____/s/_____
James K. Bredar
United States District Judge